# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK, *et al.*, <br><br> Defendant. | Case No. 1:17-cv-01661-LJO-EPG <br><br> **ORDER FOR PLAINTIFF TO:** <br><br> **(1) FILE A FIRST AMENDED COMPLAINT; OR,** <br><br> **(2) NOTIFY THE COURT THAT THEY WISH TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER** <br><br> (ECF No. 1) <br><br> **THIRTY (30) DAY DEADLINE** |

On December 12, 2017, the Martha Jayne Cary Living Trust and Mary J. Bryant (collectively, "Plaintiffs"), appearing *pro se* and *in forma pauperis*, commenced this action against U.S. Bank, Buckley Madole, P.C., and Donald Elith Cary alleging violations of 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2409a. (ECF No. 1). The Court has screened the Complaint and has determined that Plaintiffs have failed to state any cognizable claims.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to

1

determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

II. **PLAINTIFF'S ALLEGATIONS**

Plaintiffs state that this action arises under 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2409a. Plaintiffs allege that Mary J. Bryant is the trustee of the Martha Jayne Cary Living Trust ('the Trust'). On April 7, 2014, the Trust became the owner of the real property commonly known as 4620 West Tulare Avenue, Visalia, CA 93277-1563 ('the real property'). The previous

2

owners of the real property, Donald E. Cary and Martha Jayne Cary, obtained a securitized loan from Downey Savings.

The real property was foreclosed in 2016. Plaintiffs allege that U.S. Bank foreclosed on the real property while Plaintiffs were waiting for a loan modification due to Donald E. Cary's death in 2008. The loan modification was never approved or denied, despite loan documents being sent several times. Plaintiffs further allege that in 2015 and/or 2016, U.S. Bank shut off their utilities, commenced an illegal unlawful detainer proceeding, and illegally seized their personal property. In 2017, an illegal unlawful detainer proceeding was commenced against a deceased person, and the process server seized personal property and refused to disclose or release it.

Plaintiffs also allege that Donald Elith Cary has committed fraud by signing a listing agreement with a realtor, and has "close[d] bank accounts – [illegible] Martha Jayne Cary, Social Security." Plaintiffs further allege that Donald Elith Cary has made claims to personal property located at the real property despite being was disinherited, and has shut off the utilities to the real property though despite not being executor of the estate.

Plaintiffs also allege that Lindsay E. Kress, an attorney at Locke Lord LLP, refused to send them an itemized list or location of property documents that belongs to Mary J. Bryant and the Trust, despite Plaintiffs' attempts to regain the personal property. Plaintiffs further state that they have filed a complaint with the State Bar of California.

## III. DISCUSSION

### A. FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs contend that this action arises under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA "bans a variety of debt collection practices and allows individuals to sue offending debt collectors." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). To establish a violation of the FDCPA, a plaintiff must show: (1) she was a consumer, (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers*, 2011

3

WL 2037556 (E.D. Cal. May 23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir.2004)).

A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). An entity may constitute a "debt collector" in one of three ways: (1) the entity's "principal purpose" is debt collection; (2) for the purpose of section 1692f(6), the entity's "principal purpose" is the "enforcement of security interests;" or (3) the entity "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An entity that regularly collects debts owed to itself is not a debt collector under the FDCPA. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

"An entity is [] liable under the FDCPA only when it is attempting to collect debt, § 1692(e), debt being defined as an 'obligation ... of a consumer to pay money[,]'" § 1692a(5). *Manos v. MTC Fin., Inc.*, No. SACV1601142CJCKESX, 2017 WL 8240692, at *2 (C.D. Cal. Sept. 28, 2017) "Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571–72 (9th Cir. 2017), *cert. denied sub nom. Ho v. ReconTrust Co.*, 138 S. Ct. 504 (2017) (reasoning that under the FDCPA, "debt" is synonymous with "money," and because the "object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower," actions taken to facilitate non-judicial foreclosure do not give rise to liability under the FDCPA).

The FDCPA prohibits debt collection practices, including the use of false or misleading representations, harassment or abuse, or unfair practices. Specifically, 15 U.S.C. § 1692f provides, in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property;

>                    or
>               (C) the property is exempt by law from such dispossession or
>               disablement.

Whereas 15 U.S.C. § 1692d provides, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

      Plaintiffs fail to allege a claim under the FDCPA. First, as alleged in the Complaint, Plaintiffs are not consumers within the meaning of the statute. Plaintiffs do not allege that Mary J. Bryant was obligated or allegedly obligated to pay any debt. Second, Plaintiffs do not allege that they were the object of any collection activity, i.e. that any defendant attempted to collect from them an obligation to pay money. Plaintiffs also do not allege that any defendant meets the definition of a debt collector. None of the defendants are alleged to be a person or entity whose principal purpose is debt collection or enforcement of security interests, or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Lastly, Plaintiffs do not clearly allege that any defendant engaged in an act or omission prohibited by the FDCPA. Plaintiffs allege that Defendant U.S. Bank foreclosed on the real property, shut off the utilities, seized personal property, served process on a deceased person, and commenced an illegal unlawful detainer proceeding against Mary J. Bryant. It is unclear, however, whether U.S. Bank engaged in this conduct in an effort to collect a debt rather than to exercise its right to possession of the real property after the foreclosure proceedings. *See* Cal. Civ. Proc. Code § 1161a(b) ("[A] person who holds over and continues in possession of a . . . real property after a three-day written notice to quit the property has been served upon the person, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in Section 1162, may be removed therefrom . . . ."); *Evans v. Superior Court*, 67 Cal. App. 3d 162, 169 (Ct. App. 1977) (finding that the purchaser of a real property at a foreclosure sale, or his successor in interest, may commence an unlawful detainer action to remove an occupant who holds over and continues in possession of the property after sale). Thus, Plaintiffs have failed to allege a cognizable claim under the FDCPA.

\\\

**B. FRAUD**

Under California law, "[t]he elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Rule 9(b) of the Federal Rules of Civil Procedure requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994), *superseded by statute on other grounds*).

Plaintiffs fail to meet the particularized standard required to plead fraud against Defendant Donald Elith Cary. Plaintiffs fail to set forth the who, what, when, where, and how of any misconduct by said defendant. Moreover, Plaintiffs fail to set forth any allegations establishing the elements of a claim for fraud. Plaintiffs simply provide a list of actions, such as "signs listing agreement with realtor" and "closes bank accounts," that even taken as true fails to allege any cause of action. Thus, Plaintiffs have failed to allege a cognizable fraud claim.

**C. OTHER CLAIMS**

Plaintiffs also contend that this action arises under 28 U.S.C. § 2409a; however, that statute pertains to quiet title actions in which the United States is a party. The United States is not a party to this action. Thus, Plaintiffs fail to allege a cognizable claim under 28 U.S.C. § 2409a.

Plaintiffs also fail to state any cognizable claims against Buckley Madole, P.C., as they

have not set forth any allegations against said defendant.

Plaintiffs further fail to state any cognizable claims against Lindsey E. Kress. Plaintiffs do not allege any relationship with Ms. Kress, or any duty or obligation that Ms. Kress has to provide Plaintiffs with information about their personal property.

**IV.     CONCLUSION AND ORDER**

The Court finds that the Complaint fails to state any cognizable claims upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiffs with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiffs are granted leave to file an amended complaint within thirty (30) days, if they choose to do so.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs are advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently plead. Plaintiffs should also set forth sufficient facts to establish that the Court has subject matter jurisdiction over his claims in accordance with 28 U.S.C. § 1332 or any other law. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiffs may also choose to stand on the Complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     Plaintiffs may file a First Amended Complaint curing the deficiencies identified by the Court in this order if they believe additional true factual allegations would state a claim,

7

within **thirty (30) days** from the date of service of this order;

    2.    If Plaintiffs choose to file an amended complaint, Plaintiffs shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01661-LJO-EPG;

    3.    Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiffs may notify the Court that they wish to stand on the Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

    4.    If Plaintiffs fail to file an amended complaint or notify the Court that they wish to stand on the Complaint within thirty (30) days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **April 23, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

8