# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK, *et al.*,<br><br>　　　　　　　　Defendant. | Case No. 1:17-cv-01661-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER**<br><br>(ECF Nos. 1, 4)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

## I.   BACKGROUND

On December 12, 2017, the Martha Jayne Cary Living Trust[1] and Mary J. Bryant ("Plaintiff"), appearing *pro se* and *in forma pauperis*, commenced this action against U.S. Bank, Buckely Madole, P.C., and Donald Elith Cary alleging violations of 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2409a. (ECF No. 1).  On April 24, 2018, the Court screened the Complaint and determined that Plaintiff failed to state any cognizable claims. (ECF No. 4). The Court directed

---

[1] Mary J. Bryant may not proceed in this action on behalf of Martha Jayne Cary Living Trust without representation. Local Rule 183 ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. . . . A corporation or other entity may appear only by an attorney.").  Accordingly, all claims purportedly brought by the Martha Jayne Cary Living Trust should be dismissed.

1

Plaintiff to either (1) file an amended complaint or (2) notify the Court that she wishes to stand on the Complaint, within thirty (30) days from the date of service of the order. *Id.* at 8. The order also provided that if Plaintiff fails to file an amended complaint or to notify the Court that she wishes to stand on the Complaint within the specified time, "the Court will issue findings and recommendations to the assigned district judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order." *Id.*

The thirty-day period has expired, and Plaintiff has neither filed an amended complaint nor notified the Court that she wishes to stand on the Complaint. Therefore, as described below, the Court recommends that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal

conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* Plaintiff "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff states that this action arises under 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2409a. Plaintiff alleges that Mary J. Bryant is the trustee of the Martha Jayne Cary Living Trust ('the Trust"). On April 7, 2014, the Trust became the owner of the real property commonly known as 4620 West Tulare Avenue, Visalia, CA 93277-1563 ('the real property"). The previous owners of the real property, Donald E. Cary and Martha Jayne Cary, obtained a securitized loan from Downey Savings.

The real property was subject to foreclosure in 2016.  Plaintiff alleges that U.S. Bank foreclosed on the real property while Plaintiff was waiting for a loan modification due to Donald E. Cary's death in 2008. The loan modification was never approved or denied, despite loan documents being sent several times. Plaintiff further alleges that in 2015 and/or 2016, U.S. Bank shut off her utilities, commenced an illegal unlawful detainer proceeding, and illegally seized her personal property. In 2017, an illegal unlawful detainer proceeding was commenced against a deceased person, and the process server seized personal property and refused to disclose or release it.

Plaintiff also alleges that Donald Elith Cary has committed fraud by signing a listing agreement with a realtor, and has "close[d] bank accounts – [illegible] Martha Jayne Cary, Social Security." Plaintiff further alleges that Donald Elith Cary has made claims to personal property located at the real property though he was disinherited, and has shut off the utilities to the real

property though he is not executor of the estate.

Plaintiff also alleges that Lindsay E. Kress, an attorney at Locke Lord LLP, refused to send her an itemized list or location of property documents that belong to Mary J. Bryant and the Trust, despite Plaintiff's attempts to regain the personal property. Plaintiff further states that she has filed a complaint with the State Bar of California.

**IV. DISCUSSION**

### A. Fair Debt Collection Practices Act

Plaintiff contends that this action arises under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA "bans a variety of debt collection practices and allows individuals to sue offending debt collectors." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). To establish a violation of the FDCPA, a plaintiff must show: (1) she was a consumer, (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556 (E.D. Cal. May 23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir.2004)).

A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). An entity may constitute a "debt collector" in one of three ways: (1) the entity's "principal purpose" is debt collection; (2) for the purpose of section 1692f(6), the entity's "principal purpose" is the "enforcement of security interests;" or (3) the entity "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An entity that regularly collects debts owed to itself is not a debt collector under the FDCPA. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

"An entity is [] liable under the FDCPA only when it is attempting to collect debt, § 1692(e), debt being defined as an 'obligation ... of a consumer to pay money[,]'" § 1692a(5). *Manos v. MTC Fin., Inc.*, No. SACV1601142CJCKESX, 2017 WL 8240692, at *2 (C.D. Cal. Sept. 28, 2017). "Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the

4

notice of default and notice of sale, are not attempts to collect "debt" as that term is defined by the FDCPA." *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571–72 (9th Cir.), *cert. denied sub nom. Ho v. ReconTrust Co.*, 138 S. Ct. 504 (2017) (reasoning that under the FDCPA, "debt" is synonymous with "money," and because the "object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower," actions taken to facilitate non-judicial foreclosure do not give rise to liability under the FDCPA).

The FDCPA prohibits debt collection practices, including the use of false or misleading representations, harassment or abuse, or unfair practices. Specifically, 15 U.S.C. § 1692f provides, in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

Whereas 15 U.S.C. § 1692d provides, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Plaintiff fails to allege a claim under the FDCPA. First, as alleged in the Complaint, Plaintiff is not a consumer within the meaning of the statute. Plaintiff does not allege that she was obligated or allegedly obligated to pay any debt. Second, Plaintiff does not allege that she was the object of any collection activity, i.e., that any defendant attempted to collect from her an obligation to pay money. Plaintiff also does not allege that any defendant meets the definition of a debt collector. None of the defendants are alleged to be a person or entity whose principal purpose is debt collection or enforcement of security interests, or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Lastly, Plaintiff does not clearly allege that any defendant engaged in an act or omission prohibited by

5

the FDCPA. Plaintiff alleges that Defendant U.S. Bank foreclosed on the real property, shut off the utilities, seized personal property, served process on a deceased person, and commenced an illegal unlawful detainer proceeding against her. It is unclear, however, whether U.S. Bank engaged in this conduct in an effort to collect a debt, or to exercise its right of possession of the real property after foreclosure proceedings. *See* Cal. Civ. Proc. Code § 1161a(b) ("[A] person who holds over and continues in possession of a . . . real property after a three-day written notice to quit the property has been served upon the person, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in Section 1162, may be removed therefrom . . . ."); *Evans v. Superior Court*, 67 Cal. App. 3d 162, 169 (Ct. App. 1977) (finding that the purchaser of a real property at a foreclosure sale, or his successor in interest, may commence an unlawful detainer action to remove an occupant who holds over and continues in possession of the property after sale). Thus, Plaintiff has failed to allege a cognizable claim under the FDCPA.

**B. Fraud**

Under California law, "[t]he elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Rule 9(b) of the Federal Rules of Civil Procedure requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that she can defend against the charge and not just deny that she has done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). A party alleging fraud must "set forth more than the

6

neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994), *superseded by statute on other grounds*).

Plaintiff has failed to meet the particularized standard required to plead fraud against Defendant Donald Elith Cary. Plaintiff fails to set forth the who, what, when, where, and how of any misconduct by said defendant. Moreover, Plaintiff fails to set forth any allegations establishing the elements of a claim for fraud. Plaintiff merely provides a list of actions, such as "signs listing agreement with realtor" and "closes bank accounts," that even taken as true fails to allege any cause of action. Thus, Plaintiff has failed to allege a cognizable fraud claim.

### C. Other Claims

Plaintiff also contends that this action arises under 28 U.S.C. § 2409a; however, that statute pertains to quiet title actions in which the United States is a party. The United States is not a party to this action. Thus, Plaintiff fails to allege a cognizable claim under 28 U.S.C. § 2409a.

Plaintiff also fails to state any cognizable claims against Buckely Madole, P.C. as she has not set forth any allegations against said defendant.

Plaintiff further fails to state any cognizable claims against Lindsey E. Kress. Plaintiff does not allege any relationship with Ms. Kress, or any duty or obligation that Ms. Kress has to provide Plaintiff with information about her personal property.

### D. Failure to Prosecute and to Comply with a Court Order

Plaintiff has failed to comply with the screening order, which directed her to file an amended complaint or notify the Court that she wishes to stand on the Complaint, (ECF No. 4), and has failed to otherwise prosecute this action.

Courts may impose sanctions, including terminating sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See* Fed. R. Civ. P. 41(b); L.R. 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th

Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); *Malone v. United States Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order).

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The public's interest in expeditious resolution of litigation and the court's need to manage its docket always favor dismissal. *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, here, these factors weigh in favor of dismissal.

The public policy favoring disposition on the merits always weighs against dismissal. *Id.* Thus, here, these factors weigh against dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that she wishes to stand on the Complaint that is causing delay. The Court found that the Complaint fails to state a claim approximately three months ago. The case is now stalled until Plaintiff files an amended complaint or notifies the Court that she wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Given Plaintiff's *in forma pauperis* status and the stage of these proceedings, the preclusion of evidence or witnesses is not available. Furthermore, the Court warned Plaintiff that failure to comply with the screening order's directive could result in dismissal of this action. Thus, thus this factor also weighs in favor of dismissal.

Four of the five factors strongly favor dismissal of this action. Thus, the Court finds that dismissal with prejudice is appropriate.

## V. CONCLUSION AND RECOMMENDATIONS

The Court has found that the Complaint fails to state a claim for relief. Furthermore, Plaintiff has failed to comply with the screening order, and has failed to otherwise prosecute this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1. All claims purportedly brought by the Martha Jayne Cary Living Trust be dismissed as impermissible under Local Ruler 183;
2. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), Fed. R. Civ. P. 41(b), and L.R. 110, this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted, as well as Plaintiff's failure to comply with a Court order and failure to prosecute; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2018**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

9